ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| DULCE ILENIA REYES Y OTROS<br><br>**Parte peticionaria**<br><br>v.<br><br>MUNICIPIO SAN JUAN Y OTROS<br><br>**Parte recurrida** | TA2025CE00187 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil núm.: **SJ2024CV7876** (Salón 905)<br><br>Sobre: **Usucapión** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparecen ante nos los peticionarios, Dulce Ilenia Carrasco Reyes y Ezequiel Puentes Carrasco, en adelante, Carrasco-Puentes o peticionarios, solicitando que revisemos la "*Resolución Interlocutoria*" del Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante, TPI-SJ, del 27 de mayo de 2025. Mediante el referido dictamen, el Foro Recurrido declaró "*No Ha Lugar*" una moción en solicitud de relevo de sentencia presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

**I.**

El 26 de agosto de 2024, Carrasco-Puentes presentaron una "*Demanda*" sobre Usucapión Extraordinaria contra el Municipio de San Juan, en adelante Municipio o recurrido, y los alegados últimos dueños registrales de las propiedades objeto del caso de

marras.[1] Luego de varios escritos y trámites procesales que no son necesarios pormenorizar, el Municipio presentó una *"Moción de Desestimación"*, fechada el 10 de diciembre de 2024.[2] El día siguiente, el TPI-SJ notificó una Orden a los peticionarios para que presentaran su posición en cuanto a la moción presentada por el recurrido.[3] En virtud de esto, el 23 de diciembre de 2024, los peticionarios presentaron su correspondiente *"Moción en Oposición a la Desestimación"*.[4] Con el beneficio de ambos escritos, el 28 de enero de 2025, el Foro Primario notificó una Orden mediante la cual señaló una vista argumentativa por videoconferencia para discutir la moción dispositiva presentada por el recurrido, así como su oposición.[5]

El 4 de marzo de 2025, el TPI-SJ dio por sometido el asunto sobre la moción de desestimación ante su consideración,[6] por lo cual notificó su *"Sentencia"* el 8 de abril de 2025.[7] Mediante la misma, declaró *"Ha Lugar"* la moción dispositiva presentada por el Municipio y, en consecuencia, ordenó la desestimación de la *"Demanda"*. Consecuentemente, el 25 de abril de 2025, Carrasco-Puentes presentaron una moción de reconsideración.[8] No obstante, la misma fue declarada *"No Ha Lugar"* por el TPI-SJ mediante Orden emitida el 28 de abril de 2025, toda vez que la misma fue presentada fuera del término jurisdiccional.[9]

Así las cosas, el 6 de mayo de 2025, los peticionarios presentaron una *"Moción Solicitando Relevo de Sentencia al Amparo de la Regla 49.2"*.[10] Por su parte, el recurrido presentó su *"Moción en Oposición a Relevo de Sentencia"* fechada el 19 de mayo de

[1] Apéndice de los peticionarios, Anejo 2.
[2] Apéndice de los peticionarios, Anejo 3A.
[3] SUMAC del TPI, Entrada Núm. 20.
[4] Apéndice de los peticionarios, Anejo 3B.
[5] SUMAC del TPI, Entrada Núm. 32.
[6] Apéndice del recurrido, Anejo 2.
[7] Apéndice de los peticionarios, Anejo 4.
[8] SUMAC del TPI, Entrada Núm. 40.
[9] SUMAC del TPI, Entrada Núm. 42.
[10] Apéndice de los peticionarios, Anejo 7.

2025.[11] A estos efectos, el Foro Recurrido notificó el 27 de mayo de 2025 una "*Resolución Interlocutoria*", mediante la cual declaró "*No Ha Lugar*" la moción en solicitud de relevo de sentencia presentada por Carrasco-Reyes.[12]

Inconformes con el resultado, el 11 de junio de 2025, los peticionarios presentaron oportunamente una "*Moción Solicitando Reconsideración*",[13] la cual fue declarada "*No Ha Lugar*" mediante otra "*Resolución Interlocutoria*" notificada el 24 de junio de 2025.[14]

Inconforme con el proceder del Foro Primario, los peticionarios recurren ante esta Curia mediante un recurso de *certiorari,* fechado el 23 de julio de 2025, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al no comprender el alcance de la Usucapión Extraordinaria, mediante la cual es necesario aplicar el término de 20 años según lo dispone el Código Civil de Puerto Rico del 2020, según enmendado.
>
> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al permitir ventilar un proceso administrativo dentro de un juicio de usucapión, el cual no requería de la presencia del Municipio Autónomo de San Juan, debido a que el municipio no es dueño ni titular de la propiedad.
>
> **TERCER ERROR:** Erró el Tribunal de Primera Instancia al permitir la intervención del Municipio Autónomo de San Juan para ventilar asuntos propietarios para los cuales carecían de legitimidad activa, en todo caso legitimidad pasiva, lo cual no les permitía reivindicar derechos que no tienen.

A tenor con lo anterior, este Foro emitió una "*Resolución*" el 15 de agosto de 2025, donde ordenó al recurrido a presentar un escrito en oposición a la expedición del auto en o antes del 25 de agosto de 2025. Finalmente, el 25 de agosto de 2025, el Municipio

---

[11] Apéndice de los peticionarios, Anejo 8.
[12] Apéndice de los peticionarios, Anejo 1B.
[13] Apéndice de los peticionarios, Anejo 9.
[14] Apéndice de los peticionarios, Anejo 1A.

presentó su *"Oposición a Expedición de Autos"*. Con la comparecencia de ambas partes, procedemos a resolver.

**II.**

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el

tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres González v. Zaragoza Meléndez*, supra, pág. 848; *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 404 (2021); *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra, pág. 849. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, supra, 215 DPR \_\_ (2025); *BPPR v. Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón*, 192 DPR 567, 589 (2015); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Prescripción adquisitiva o usucapión

Nuestro ordenamiento jurídico dispone que, la propiedad o dominio, es el derecho real mediante el cual una cosa pertenece a una persona con exclusión de cualquier otra, con la facultad que le asiste de gozar y disponer de la misma sin mayores limitaciones que las impuestas por ley. Artículo 280 del derogado Código Civil

del Puerto Rico, en adelante Código Civil de 1930, 31 LPRA ant. sec. 1111.[15] Conforme reconoce la doctrina, el derecho de propiedad, así como los demás derechos reales, se adquiere, de entre otras formas, mediante la *prescripción adquisitiva* o *usucapión.* Código Civil de 1930, supra, ant. seccs. 1931 y 5241; *Cosme Mena v. Depto. Vivienda y otros*, 2024 TSPR 131, 215 DPR ___ (2024); *Adm. Terrenos v. SLG Rivera-Morales,* 187 DPR 15, 26 (2012). La adquisición del dominio que por esta vía se produce, resultado que constituye su efecto principal, supone el transcurso del término fijado por ley, unido al cumplimiento de determinados criterios establecidos por el ordenamiento jurídico. A la luz de lo esbozado, se consolida o materializa el dominio en la persona que, unido a los dueños anteriores, ha poseído el bien por el término dispuesto. *Adm. Terrenos v. SLG Rivera-Morales,* supra, pág. 26.

El estado de derecho que nos concierne distingue entre la *prescripción ordinaria* y la *extraordinaria.* Pertinente a la causa de epígrafe, *la usucapión extraordinaria* de un bien inmueble tiene lugar mediante su posesión ininterrumpida por espacio de treinta (30) años en concepto de dueño. Artículo 1859 del Código Civil de 1930, supra, ant. sec. 5280; *Cosme Mena v. Depto. Vivienda y otros*, supra; *Adm. Terrenos v. SLG Rivera-Morales,* supra, pág. 28; *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 182 (2005).

En dicho contexto, se entiende que, la posesión en concepto de dueño es la única que sirve a manera de título para la adquisición del dominio. Artículo 376 del Código Civil de 1930, supra, ant. sec. 1462. Lo anterior implica el que exista una creencia pública general en cuanto a que el poseedor, en efecto, es el titular del bien, ello dados los actos que ejecuta en cuanto al mismo. *Adm. Terrenos v. SLG Rivera-Morales,* supra, pág. 29;

---

[15] El 28 de noviembre de 2020, entró en vigor el nuevo Código Civil de Puerto Rico, Ley Núm. 55-2020. Sin embargo, los hechos del caso de epígrafe comenzaron previo a la fecha de vigencia del citado estatuto, por lo que haremos referencia y esbozaremos el derecho a la luz del derogado Código.

*Bravman, González v. Consejo de Titulares,* 183 DPR 827, 839 (2011).

Por tanto, la posesión que da lugar a la prescripción extraordinaria es aquella que nuestro ordenamiento denomina posesión civil, tenencia o disfrute de una cosa o derecho, unida a la intención de hacerlos como suyos. Artículo 360 del Código Civil de 1930, supra, ant. sec. 1421; *Adm. Terrenos v. SLG Rivera-Morales,* supra, pág. 29. Es por eso que, la mera tolerancia del verdadero titular, así como aquellos actos que el poseedor lleva a cabo por razón de su anuencia, no son suficientes a los fines de que tenga lugar la prescripción extraordinaria. *Bravman, González v. Consejo de Titulares,* supra, pág. 839; *Adm. Terrenos v. SLG Rivera-Morales,* supra, pág. 29. Es decir, "[l]a persona que posee por mera tolerancia no podrá usucapir". *Sucn. Maldonado v. Sucn. Maldonado*, supra, pág. 183.

A diferencia de la prescripción ordinaria, la extraordinaria no exige el que medie la posesión de buena fe, o sea, el completo desconocimiento respecto a la existencia de un vicio en el título o modo de adquirir la cosa, así como tampoco justo título, aquél que resulta ser bastante a los fines de transmitirse el dominio de un derecho real. Artículos 1850, 1852 y 1857 del Código Civil de 1930, supra, ant. secs. 5271, 5273, 5278; *Bravman, González v. Consejo de Titulares,* supra, pág. 839; *Sucn. Maldonado v. Sucn. Maldonado*, supra, pág. 182.

Bien lo explica nuestro Alto Foro en una opinión del año 1954, en la que dispone que la prescripción extraordinaria se produce sólo si se demuestra lo siguiente:

> 1) una posesión continuada durante treinta años sobre el inmueble; 2) por haberla tolerado así su dueño; 3) ya que el prescribiente entró en su posesión sin autorización, permiso o licencia del dueño, o en virtud de un contrato con él suscrito; 4) cuya posesión además es pública,

pacífica; 5) sin que se haya interrumpido naturalmente, o sea, por abandono de la cosa por el poseedor por más de un año, o civilmente, en virtud de diligencia judicial o notarial, o por un reconocimiento expreso o tácito del derecho del dueño por parte del poseedor, antes de haber transcurrido los treinta años que consuman la prescripción, y; 6) sin que se haya interrumpido naturalmente, o sea, por abandono de la cosa por el poseedor, por más de un año, o civilmente, en virtud de diligencia judicial o notarial, o por un reconocimiento expreso o tácito del derecho del dueño hecho por el poseedor, antes de haber transcurrido los treinta años durante los cuales se consuma la prescripción, y (7) sin que el poseedor haya renunciado expresa o tácitamente a su título por prescripción por alguna causa que resulte eficaz en derecho para tal renuncia, después de consumada la prescripción extraordinaria.

*Adm. Terrenos v. SLG Rivera-Morales,* supra, págs. 28-29, citando a *Dávila v. Córdova*, 77 DPR 136, 150-151 (1954)

Ahora bien, el nuevo Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.*, en adelante Código Civil de 2020, trajo consigo una reducción sustancial de los plazos requeridos para consumar la usucapión de bienes inmuebles, en un intento de atemperarlo al avance de los medios que permiten el ejercicio oportuno de derechos propietarios sobre los mismos. Véase Exposición de Motivos de la Ley Núm. 55 de 1 de junio de 2020. A estos efectos, y pertinente al caso de marras, la usucapión extraordinaria de una propiedad inmueble requiere su posesión continua, pública, pacífica y en concepto de dueño por un plazo de veinte (20) años, sin necesidad de buena fe ni justo título. Artículos 778, 783 y 788 del Código Civil de 2020, supra, secs. 8022, 8027, 8032; *Ex Parte Román, Nieves*, 2025 TSPR 45, 215 DPR ___ (2025). Una vez transcurre dicho plazo, el adquirente tiene derecho a entablar una acción para que se le declare como titular del derecho usucapido. Artículo 795 del Código Civil de 2020, supra, sec. 8039.

No obstante, la aplicación de este nuevo término a aquellos casos que hayan comenzado la usucapión previa a que entrara en

vigor el Código Civil de 2020 se encuentra supeditada a las disposiciones transitorias que se hallan en el mismo. A estos efectos, el propio Código dispone expresamente lo siguiente:

> Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este.

Artículo 1814 del Código Civil de 2020, supra, sec. 11719.

Es meritorio señalar que, salvo la reducción de algunos términos prescriptivos, el nuevo Código mantuvo sustancialmente la normativa relacionada a la prescripción, incorporándole además un carácter imperativo. Véase Exposición de Motivos de la Ley Núm. 55 de 1 de junio de 2020. En virtud de esto, la prescripción de las acciones bajo el Código Civil de 2020 se interrumpe:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;
>
> (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o
>
> (c) por el reconocimiento de la obligación por el deudor.

Artículo 1197 del Código Civil de 2020, supra, sec. 9489.

No obstante, este nuevo Código expresamente dispone que, una vez se produzca la interrupción de un término prescriptivo, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. *Id.* De esta manera, la interrupción de la posesión que consuma la usucapión se da en ciertos casos como:

> (a) por su cese durante más de un (1) año;
>
> (b) por el emplazamiento o citación judicial hecha al poseedor, aunque sea por mandato de un tribunal sin competencia;
>
> (c) por el requerimiento judicial o notarial, siempre que, dentro de dos (2) meses de practicado, se presente ante el

tribunal la demanda sobre posesión o dominio de la cosa cuestionada; o

(d) por cualquier reconocimiento expreso o tácito del derecho del dueño por parte del poseedor.

Artículo 781 del Código Civil de 2020, supra, sec. 8025.

### C. Relevo de Sentencia

Las adjudicaciones finales de un tribunal gozan de una presunción de validez y corrección, por lo que son recipientes de una acostumbrada deferencia. *SLG Rivera-Pérez v. SLG Díaz-Doe, et al,* 207 DPR 636, 657 (2021); *López García v. López García,* 200 DPR 50, 59 (2018). Ahora bien, la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, provee un vehículo procesal mediante el cual una parte adversamente afectada por una sentencia, solicita el relevo de esta. *Oriental Bank v. Pagán Acosta y otros,* 2024 TSPR 133, 215 DPR ___ (2024); *Pérez Ríos et al. v. CPE,* 213 DPR 203, 214 (2023); *SLG Rivera-Pérez v. SLG Díaz-Doe et al*, supra, pág. 656-657; *HRS Erase vs. CMT*, 205 DPR 689, 698-699 (2020); *López García v. López García*, supra.

La Regla en cuestión contempla seis (6) escenarios en los cuales el tribunal podrá relevar a una parte de los efectos de una sentencia dictada en su contra. Estos son:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Regla 49.2 de Procedimiento Civil, supra.

*Oriental Bank v. Pagán Acosta y otros,* supra; *Pérez Ríos et al. v. CPE*, supra.

Para que proceda el remedio de relevo de sentencia, es imperativo que el peticionario aduzca y justifique su solicitud en, al menos, una de las razones enumeradas en la precitada Regla. *Pérez Ríos et al. v. CPE*, supra; *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010); *Reyes v. ELA et al*, 155 DPR 799, 809 (2001). Sin embargo, no será suficiente que se alegue la presencia de uno de los mencionados escenarios para que el tribunal deje sin efecto el dictamen notificado. El juzgador deberá evaluar el expediente del caso en su totalidad y determinar si bajo las circunstancias particulares del asunto amerita que se deje sin efecto la sentencia. *García Colón v. Sucn. González*, supra; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817-818 (1986). Asimismo, el tribunal debe considerar los siguientes criterios: (1) cualquier defensa válida que pueda levantar la parte que se opone al relevo de sentencia; (2) el tiempo que transcurrió entre la sentencia y la solicitud del relevo; (3) el perjuicio que sufriría la parte opositora si se concede la solicitud del peticionario; y (4) el perjuicio que sufriría la parte promovente de dejarle desprovista del remedio solicitado. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998).

El propósito de la precitada Regla es proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. *HRS Erase vs. CMT*, supra, pág. 698; *López García v. López García,* supra, pág. 60. Por una parte, busca adelantar el interés de que los casos se resuelvan en sus méritos para hacer justicia sustancial y, por otro lado, el que los pleitos lleguen a su fin. *HRS Erase vs. CMT*, supra; *López García v. López García,* supra.

Ahora bien, es menester destacar que, aunque debe interpretarse liberalmente, el mecanismo de relevo de sentencia es una facultad discrecional del tribunal de instancia. *López García v. López García*, supra, pág. 61. No obstante, los tribunales no pueden dar una atención desmedida a uno de los dos intereses que deben balancearse. *García Colón v. Sucn. González*, supra, pág. 541; *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). Por tal razón, la Regla dispone un término fatal de seis (6) meses para la presentación del relevo de sentencia al amparo de esta Regla. *Oriental Bank v. Pagán Acosta y otros,* supra; *García Colón v. Sucn. González*, supra, pág. 543. Este término persigue que las determinaciones judiciales que hayan advenido finales y firme no queden expuestas a su alteración de manera indefinida. *Piazza Vélez v. Isla del Río, Inc.*, supra, pág. 449.

Por último, es imperativo señalar que, aunque pueda concederse luego de que una sentencia advenga final y firme, una moción de relevo de sentencia no está disponible para sustituir el mecanismo de reconsideración ni los recursos de revisión. *García Colón v. Sucn. González*, supra, pág. 541; *Piazza Vélez v. Isla del Río, Inc.*, supra. Esto es así, pues, el relevo de sentencia no se encuentra disponible para corregir errores de derecho ni errores de apreciación o valoración de la prueba, y mucho menos para alegar cuestiones sustantivas que debieron plantearse mediante recursos de reconsideración o apelación. *García Colón v. Sucn. González*, supra. Por tal razón, es norma establecida que el remedio de reapertura "no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada". *Ríos v. Tribunal Suprerior*, 102 DPR 793, 734 (1974). Véase, además, *García Colón v. Sucn. González*, supra, pág. 541; *Piazza Vélez v. Isla del Río, Inc.*, supra.

**III.**

Los peticionarios recurren ante nos, solicitando que revoquemos la determinación del TPI-SJ de no acoger su moción de relevo de sentencia. Alegan, en su recurso, que el Foro Primario se equivocó en su interpretación del alcance de la usucapión extraordinaria, sin tomar en consideración las disposiciones transitorias del Código Civil de 2020 que permiten su aplicación a dicha figura sobre los hechos del presente caso. Arguye, a su vez, que erró el Foro Recurrido al permitir la intervención del Municipio para ventilar asuntos propietarios en un alegado proceso administrativo dentro del proceso judicial.

Sin embargo, luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, nos vemos impedidos de expedir el recurso. Lo cierto es que, no hemos apreciado perjuicio, error o parcialidad en la determinación del Foro Recurrido. Por tanto, según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, los cuales delimitan nuestra intervención en este tipo de recursos, ejercemos nuestra discreción al respecto y declinamos entrar en los méritos de la polémica ante nos.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones